NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0508n.06
Filed: July 19, 2007

Case No. 06-5821

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| DANIEL JOSEPH STAKEM, III, and wife, CAROL STAKEM, | ) ) ) | |
| Plaintiffs-Appellants, | ) ) | |
| v. | ) ) | |
| KIMBER LEE RANDOLPH, | ) ) ) | |
| Defendant, | ) ) | |
| and | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., | ) ) ) | COURT FOR THE EASTERN DISTRICT OF TENNESSEE |
| Defendant-Appellee. | ) ) ) | |

BEFORE: KEITH, BATCHELDER and MOORE, Circuit Judges.

ALICE M. BATCHELDER, Circuit Judge. Daniel and Carol Stakem were driving a motorcycle southbound on a Tennessee highway, while Kimber Lee Randolph was driving a car northbound on the same highway. Ms. Randolph turned left in front of the Stakems, causing a collision in which the Stakems were thrown from the motorcycle and severely injured. The Stakems sued, and Ms. Randolph's insurer paid the policy limit of $25,000 to each of the Stakems. State Farm, which insured the Stakems, paid the policy limit of $100,000 for each of their two policies ($200,000 total) towards the medical costs incurred by Mrs. Stakem for her physical injuries.

Mr. Stakem claimed additional injuries, however, including the emotional distress of witnessing the carnage of the accident and his wife's severe injuries. Therefore, even after the

Stakems had settled their lawsuit with Ms. Randolph, they still had an under-insured motorist claim against State Farm, and the case proceeded to arbitration pursuant to Tenn. Code Ann. § 56-7-1201. The arbitrator awarded Mr. Stakem $70,438 on a claim of negligent infliction of emotional distress, which (less the $25,000 paid by Ms. Randolph's insurer) left State Farm owing $45,438.

Both sides moved for summary judgment on the arbitrator's award. State Farm sought to vacate the award on the theory that the plain terms of the insurance policy limit coverage to only those intangible damages (i.e., "pain, suffering, mental anguish, or inconvenience") that arise out of a "serious injury," as defined by Florida Statute § 627.737(2) (the Florida Motor Vehicle No-Fault Law). Mr. Stakem sought to enforce the award, arguing that the Florida No-Fault Statute was inapposite because it does not apply to motorcycles. The district court held that under Tennessee law, "the liability of an insurance company under a policy of insurance is determined by the law of the state where the contract for insurance was made," and that, because the contract in this case was made in Florida, Florida law governed the interpretation of the policy's provisions. The court explained "that the plaintiff's argument misses the point," because the issue was not the application of Florida's no-fault statute, but the application of the policy's language under Florida law. Based on the plain language of the policy, the district court granted summary judgment to State Farm.

After carefully reviewing the record, the law, and the parties' briefs, we conclude that the district court's opinion correctly sets out the applicable law and correctly applies that law to the facts contained in the record. The issuance of a full written opinion by this court would serve no useful purpose. Accordingly, for the reasons stated in the district court's opinion, we **AFFIRM**.